**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALBERTO GARRIDO-MAURIN, | ) | CASE NO. 4:17CV2515 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| ICE/DHS, | ) | |
| | ) | |
| Respondents. | ) | **REPORT & RECOMMENDATION** |

This 28 U.S.C. § 2241 petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the Court is the Petition of Alberto Garrido-Maurin ("Garrido-Maurin" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. At the time he filed his Petition, Garrido-Maurin was being detained at the Northeast Ohio Correctional Center ("NEOCC") in Youngstown, Ohio.[1] Currently pending is Respondents' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. No. 15.) For the following reasons, it is recommended Respondents' Motion be GRANTED.

**I.  Procedural History**

On November 17, 2017, Garrido-Maurin, proceeding *pro se*, filed a Petition for Writ of

---

[1] The docket reflects a copy of this Court's Initial Order was mailed to Garrido-Maurin at NEOCC on March 19, 2018 and returned on April 3, 2018 marked "inmate paroled or released." (Doc. No. 12.)

Habeas Corpus pursuant to 28 U.S.C. § 2241.[2] (Doc. No. 1.) Therein, Garrido-Maurin asserts he is a "political-refugee and native of Cuba." (*Id*. at 2.) He states that, in 1984, he was convicted and sentenced in Michigan state court to 15 to 40 years imprisonment, and served "approximately 25 years of the sentence imposed." (*Id*.) Garrido-Maurin asserts, while he was serving his sentence, he was ordered removed and "that order became final in 1999." (*Id*. at 2-3.) In December 2010, Garrido-Maurin states he was released from state prison to BICE custody and placed on supervision "because his native country would NOT accept him." (*Id*. at 3.)

On June 13, 2017, Garrido-Maurin asserts he "went to report to ICE/DHS, as told (or directed to) and was then arrested without any showing of a warrant, NTA or order to show cause, nothing, just put in handcuffs and taken to jail." (*Id.* at 4.) He claims he "has been in jail/detention since and has not been given any access to consult with an attorney, or opportunity to see a judge, or at-the-least, hear something in regard(s) to his removal or stay in the U.S." (*Id*.) Garrido-Maurin maintains it is not likely the Cuban consulate will issue any travel documents for him in the reasonably foreseeable future. (*Id*. at 9.) He asserts his continued detention violates his due process rights and the Immigration & Nationality Act. (*Id.* at 13.)

Garrido-Maurin states "release in this matter is the ONLY appropriate remedy." (*Id*.) In his Request for Relief, he requests the Court issue an Order "directing the Respondents to immediately release Petitioner from custody under the reasonably conditions of supervision" or

---

[2]The docket reflects the instant Petition was initially filed in the United States District Court for the Western District of Michigan. On November 30, 2017, that court transferred the case to the United States District Court for the Northern District of Ohio. (Doc. No. 3.)

"schedule a hearing to determine his eligibility for conditional parole."[3] (*Id*. at 16.)

On May 18, 2018, Respondents the Department of Homeland Security ("DHS) and Immigrations & Customs Enforcement ("ICE") filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. No. 15.) Therein, Respondents argue Garrido-Maurin was released from the custody of ICE on February 21, 2018 under an Order of Supervision and, therefore, his Petition has become moot. (Doc. No. 15-1 at 2.) Because Garrido-Maurin has been released from federal custody and does not assert any collateral consequences as a result of his detention, Respondents argue there is no live case or controversy over which this Court could assert jurisdiction. (*Id*. at 4.) Therefore, Respondents argue this Court lacks subject matter jurisdiction and the Petition must be dismissed. (*Id*. at 4-5.)

Garrido-Maurin failed to file a response.

**II.    Law & Analysis**

Under Article III of the United States Constitution, federal courts may only adjudicate actual, ongoing cases or controversies. *See Deakins v. Monaghan*, 484 U.S. 193, 199, 108 S.Ct. 523, 98 L.Ed. 2d 529 (1988); *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 4330 (1990); *Grider v. Abramson*, 180 F.3d 739, 746 (6th Cir. 1999). "Article III denies federal courts the power 'to decide questions that cannot affect the rights of the litigants in the case before them.' " *Lewis*, 494 U.S. at 477 (quoting *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971) ). It is well settled that the parties must

---

[3] Garrido-Maurin also filed a "Request for Evidentiary Hearing and Appointment of Counsel" (Doc. No. 2) and "Motion for Ruling or Decision on Previously Submitted Habeas Corpus Petition for Release from Custody, and Requests to Order ICE/DHS to Respond." (Doc. No. 8.) The undersigned issued an Order on April 17, 2018 denying Garrido-Maurin's motions. (Doc. No. 13.)

continue to have a personal stake in the outcome. *Lewis*, 494 U.S. at 477. *See also Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983); *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962).

A district court may lack jurisdiction over a petitioner's habeas claim under 28 U.S.C. § 2241 if the petitioner is not in custody. *See Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir. 1990). *See also Ibrahim v. Sessions*, 2018 WL 3548827 at * 1 (N.D. Ohio July 24, 2018); *Weldearegay v. U.S. Att'y Gen.*, 2018 WL 2025690 at * 1 (N.D. Ohio April 10, 2018) *report and recommendation adopted by* 2018 WL 2017869 (N.D. Ohio May 1, 2018). A petition for writ of habeas corpus challenges a government custodian's authority to continue detaining an individual. *See e.g., Ibrahim*, 2018 WL 3548827 at * 1. Therefore, the individual's release from custody generally moots a habeas petition. *Lane v. Williams*, 455 U.S. 624, 631, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982).

Federal courts have recognized narrow exceptions to this general rule when the released prisoner can establish that he will suffer a future collateral consequence as a result of the detention or that the case is "capable of repetition, yet evading review." *Lane*, 455 U.S. at 632-33. *See also Weldearegay*, 2018 WL 2025690 at * 1. To establish a collateral consequence sufficient to avoid mootness, a habeas petitioner must show "some concrete and continuing injury other than the now-ended incarceration" that can be remedied by granting the habeas petition. *Spencer v. Kemna*, 523 U.S. 1, 7-8, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). To establish that a case is capable of repetition yet evading review, the petitioner must show that (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration and (2) there is a reasonable expectation or a demonstrated probability that the controversy will

recur. *See Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006).

The Sixth Circuit has held that a petition for writ of habeas corpus challenging the length of an alien's detention pending removal is rendered moot by the alien's removal from the United States. *See Enazeh v. Davis*, 107 Fed.Appx. 489, 491 (6th Cir. 2004); *Haddad v. Ashcroft*, 76 Fed.Appx. 672, 673 (6th Cir. 2003) (removal moots claims relating to conditions of detention.) District Courts within this Circuit have found the same. *See e.g. Ibrahim*, 2018 WL 3548827 at * 1;*Adinan v. Sessions,* 2018 WL 3489626 at * 2 (N.D. Ohio July 10, 2018) *report and recommendation adopted by* 2018 WL 3475447 (N.D. Ohio July 19, 2018); *Suleman v. Sessions,* 2018 WL 1973692 at * 2 (N.D. Ohio April 5, 2018) *report and recommendation adopted by* 2018 WL 1961161 (N.D. Ohio April 26, 2018); *Frimpong v. Sessions,* 2018 WL 2422038 at * 2 (N.D. Ohio April 2, 2018) *report and recommendation adopted by* 2018 WL 2417841 (N.D. Ohio May 29, 2018); *Cole v. Warden of Seneca County Jail*, 2017 WL 4220416 at * 2 (N.D. Ohio July 19, 2017) *report and recommendation adopted by* 2017 WL 4182299 (N.D. Ohio Sept. 21, 2017); *Abdourahmane v. Lynch*, 2015 WL 5813192 at * 2 (N.D. Ohio Oct. 5, 2015); *Lin Su Fang v. Holder*, 2011 WL 2784496 at *3 (N.D. Ohio July 14, 2011); *Beiruti v. Clawson*, 2009 WL 311077 at * 2-3 (W.D. Mich. Feb. 6, 2009).

Here, Respondents submitted the Affidavit of Anna Wellman, a Deportation Officer for U.S. Immigration and Customs Enforcement ("ICE"), United States Department of Homeland Security ("DHS") in Detroit, Michigan. (Doc. No. 15-1 at 6-7.) Therein, Ms. Wellman avers (in relevant part) as follows:

> 5. On February 20, 2018, the Office of Enforcement and Removal Operations in Washington, D.C., issued a Release Notification, informing Mr. Maurin that he would be released from ICE custody pending his removal from the United States.

-5-

> 6. Pursuant to this release order, ICE brought Mr. Maurin to the Detroit Field Office on February 21, 2018. ICE subsequently served Mr. Maurin with an Order of Supervision and released him from ICE custody at the Detroit Field Office that same day.

(*Id.* at 7.) Garrido-Maurin did not respond or otherwise oppose Respondents' Motion.

Thus, it is undisputed Garrido-Maurin has been released on supervision and is no longer in federal custody. Furthermore, in his Petition, Garrido-Maurin seeks relief solely from his allegedly unlawful detention and does not seek relief from any collateral consequences. (Doc. No. 1 at 13, 15-16.) Nor does he allege that his case is capable of repetition, yet evading review. Because Garrido-Maurin is no longer in the custody of the U.S. government, and has not alleged any continuing injury, there is no live case or controversy, his Petition is moot, and this Court lacks subject-matter jurisdiction over the instant matter.

Accordingly, it is recommended Respondents' Motion to Dismiss (Doc. No. 15) be GRANTED and the Petition be DISMISSED.

## IV. Conclusion

For all the reasons set forth above, it is recommended Respondents' Motion to Dismiss (Doc. No. 15) be GRANTED and the Petition be DISMISSED.


Date: July 26, 2018　　　　　　　　　　　　　　s/ *Jonathan D. Greenberg*
　　　　　　　　　　　　　　　　　　　　　　　　JONATHAN D. GREENBERG
　　　　　　　　　　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE


**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United*

*States v. Walters*, **638 F.2d 947 (6th Cir. 1981);** *Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g* *denied*, **474 U.S. 1111 (1986).**